## WILES v. SUYDAM.

*Joinder — of causes of action — in action against stockholder and trustee of corporation.*

In an action upon a debt due from an insolvent corporation, the complaint alleged that defendant was liable as a stockholder to the extent of his stock, by reason of the non-filing of a certificate as to payment of capital stock required by Laws 1848, chap. 40, § 11 ; and also liable as trustee by reason of failure to publish report required by Laws 1848, chap. 40, § 12. *Held*, that the causes of action were properly joined.

APPEAL by defendant from an order at the special term overruling a demurrer to the complaint.

The action was brought by Alfred M. Wiles and another against Lambert Suydam to recover an indebtedness due from the Imperish-

Wiles v. Suydam.

able Stone Block Pavement Company of New York, a corporation organized under the general act (Laws 1848, chap. 40, etc.), of which defendant was a stockholder and trustee. The complaint alleged that the corporation was indebted to plaintiffs for work and materials, and the rent of an engine ; that they had recovered judgments against said corporation therefor, and executions had been issued upon the same, and returned unsatisfied ; that at the time the indebtedness was contracted defendant was, and still is, a stockholder. of the corporation, and that no certificate has been made and recorded of the amount of the capital stock fixed and paid in by said corporation ; that at the time the indebtedness was contracted, and ever since, defendant was one of the trustees of said corporation, and at no time has the annual report required by section 12 of the said act been made and published.

Defendant demurred on the ground, among others, that several causes of action were improperly joined, one being founded on a contract, and the other being a penalty imposed by such section 12.

*A. H. Hitchcock,* for appellant, cited *Corning* v. *McCullough,* 1 N. Y. 47, 76 ; *Allen* v. *Sewall,* 2 Wend. 327 ; *Ex parte Van Riper,* 20 id. 614 ; *Moss* v. *Oakley,* 2 Hill, 265 ; *Bailey* v. *Bancker,* 3 id. 188 ; *Harger* v. *McCullough,* 2 Den. 119 ; *Story* v. *Furman,* 25 N. Y. 214; *Conant* v. *Van Schaick,* 24 Barb. 87 ; *Abbott* v. *Aspinwall,* 26 id. 207 ; *Rochester* v. *Barnes,* id. 657 ; *Merchants' Bank* v. *Bliss,* 35 N. Y. 412; *Hubbell* v. *Meiggs,* 50 id. 487; *Flynn* v. *Bailey,* 50 Barb. 73.

*George W. Weiant,* for respondents.

DONOHUE, J.   The plaintiff seeks to recover from the defendant for the amount of a judgment he holds against an insolvent corporation in which the defendant was a stockholder and trustee, the execution having been returned unsatisfied.   The grounds of liability charged are that defendant, by the non-filing of the certificate as to payment in of capital, became liable to the extent of his stock, and by the failure, under another section, as trustee, to make and publish the report required by law, he also became liable, as trustee, to pay.

Defendant demurs on the ground that the causes of action are improperly joined.   The court below overruled the demurrer, and we think the ruling correct.

The defendant, by the demurrer, admits the causes of action stated, and the causes should have been joined. *Durant* v. *Gardner*, 10 Abb. 445; S. C., 19 How. 94; *Sipperly* v. *T. & B. R. R. Co.*, 9 How. 83; *Dickens* v. *N. Y. C. R. R. Co.*, 13 id. 228.

*Judgment affirmed.*